UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENNIFER WILD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:05CV471 HEA |
| | ) |
| FOREST PARK HOSPITAL, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion to Dismiss, [# 4]. Plaintiff opposes the motion. For the reasons set forth below, the motion is granted.

Defendant moves to dismiss because all claims herein are referable to final and binding arbitration and in fact these matters were scheduled to be heard by arbitrator Sheldon Weinhaus on May 25 and 26, 2005, in the St. Louis offices of the American Arbitration Association. Plaintiff, proceeding *pro se* in this matter, submitted a one page response wherein she states that the action is not just against defendant Forest Park Hospital, rather, it includes claims in addition to those raised in her complaint. Plaintiff has attached to her response an "Agenda which purports to set forth a "Statement of Claims."

Defendants argue that plaintiff agreed to arbitration in the Fair Treatment Process Request for Arbitration signed by plaintiff on October 6, 2003. The

arbitration process in response to this Request has proceeded to the point of a hearing on May 24 and 25, 2005. Plaintiff has participated in the arbitration process from the beginning to the present.

A comparison of plaintiff's Request for Arbitration and the Complaint herein establish that the actions are identical. Although plaintiff urges that this case includes claims other than those raised in the arbitration, there is nothing in the record to establish this. Furthermore, plaintiff's complaint is solely against defendant Forest Park Hospital, the other party to the arbitration. While plaintiff contends[1] that this action is against an individual employee of the defendant, the record is devoid of any claim against this individual.

Thus, the procedural history presented to the Court precludes any action in this Court.

The purpose of the Federal Arbitration Act is to afford parties an alternative to resolving disputes in the court system. This Court should not interfere with the parties agreement to arbitrate.

> [U]nder the Federal Arbitration Act, the district court must engage in a limited inquiry to determine whether a valid agreement to arbitrate exists between the parties and whether the specific dispute falls within the scope of that agreement. However, this determination as to

---

[1] Plaintiff has submitted email correspondence to the Clerk of the Court attempting to set forth her response to the motion to dismiss. This method of responding, however, is insufficient to bring any issues before the Court and any pleadings plaintiff seeks to file must be filed in the Court record.

whether the parties agree to arbitrate their dispute is also the end of a district court's powers. (citation). If the parties have agreed to arbitrate their dispute, other claims are for the arbitrator to decide.

*Bob Schultz Motors v. Kawasaki Motors Corp.*. 334 F.3d 721, 726 (8th Cir. 2003).

The parties to this action have agreed to arbitrate. That arbitration is proceeding in the manner upon which they agreed. This Court will not interfere with the agreement nor with the arbitration itself.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss, [# 4] is granted and this matter is dismissed.

Dated this 31st day of May, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE